## MUSSELMAN v. ESHLEMAN.

A purchase of land by an administrator at his own sale, if not actually fraudulent, cannot be avoided by the heirs of the intestate, unless suit be brought within twenty-one years after the sale, or within ten years after the heirs attain their majority, if they were then minors.

IN error from the Common Pleas of Lancaster.

In 1819 D. Eshleman died, seised of the land in question. The defendant, as his administrator, settled his accounts and procured an order, by the Orphans' Court, for the sale of the land, to pay debts. In 1824 the sale was made, at a price which was shown to have been a fair one. The defendant was, in fact, the purchaser. From that time he was in possession, until this ejectment by the children of his intestate, which was brought in 1848. The youngest child attained his majority in 1837.

LEWIS, P. J., directed a verdict for defendant.

*Frazer* and *Parke,* for plaintiff in error.—The heirs have twenty-one years from the time they attain full age, to avoid this sale: 7 W. & S. 152; 7 Barr, 48; 1 Stor. Eq. § 135; 7 S. & R. 209; 1 W. 120; 3 Mass. 201; 1 Mad. Ch. 205; 3 Sanf. Ch. 592.

*Franklin* and *Stevens,* contrà.

*May* 21. BURNSIDE, J.—In the case of Painter v. Henderson, 7 Barr, 50, it is declared that the law has wisely forbidden a trustee, executor, or administrator to act in the double capacity of seller and buyer. Such a transaction is a legal fraud. But a deed in such a case is not absolutely void; and, therefore, no party to

the deed, or others claiming under him, are allowed to repudiate it. Neither can strangers avail themselves of such an objection. It is voidable only by the *cestui que trust* and his heirs. Nor can the administrator purchase by a third person, with a view of having the conveyance afterwards made to himself. Where there is actual fraud, the deed is absolutely void. No actual fraud is alleged or pretended, or could be demonstrated in this case. It is true, that the land was sold at a time when lands in Lancaster county were depressed. Eshleman directed McCurdy to bid it up to $60 per acre; and this was deemed by the neighbourhood a full price at that time.

The guardian of the heir of Musselman, or the heirs themselves, as they came of age, had a right to elect whether they would have the land: whether they would affirm or disaffirm the sale. In what time, or on what terms, is not distinctly settled; but the election ought to be made in a reasonable time. This is not a fit case for settling that matter; it presents no question of doubt or difficulty. Here the defendant was more than twenty-one years in the actual adverse possession, and the suit was not brought until more than ten years after the youngest child reached the age of maturity. Courts of equity act in obedience to the statute of limitations: 5 Ves. 678. The cases that require twenty-one years after the heirs come of age, are cases of actual fraud, where the deed is absolutely void, or cases of after discovered fraud, where the statute will begin to run from the discovery. This sale was voidable by the policy of the law, but the action to recover the land was too late.

Judgment affirmed.