# Wells and Wife *versus* Van Dyke.

1. In Pennsylvania a mortgagor may bring ejectment against a mortgagee in possession, and the action is governed by the same equitable principles which apply in the case of a bill in equity to redeem.

2. In such an action the question of payment, and of accounting for rents and profits up to the date of the trial, is for the jury. If the jury find that the mortgage has been paid in full, the verdict will be for the plaintiff unconditionally; and if the jury find that a balance remains due on the mortgage the verdict will be for the plaintiff, conditioned that he pay such balance, with interest and costs, within a time specified.

3. In an action of equitable ejectment by a mortgagor against a mortgagee in possession, it appeared that a balance remained due and unpaid on the mortgage. By direction of the court, the jury found a verdict "for the defendant, to be set aside and judgment entered for the plaintiff on his paying the balance due within six months with interest and costs." The court being subsequently of opinion that the plaintiff could not recover unless the mortgage debt was fully paid, entered judgment for defendant absolutely.

   *Held*, that although the form of the verdict was incorrect, its meaning was plain, viz : in favor of the plaintiff conditioned upon his paying the balance within six months; and it being in that form correct, the Supreme Court, on writ of error, would consider it as so entered, and would enter final judgment thereon, the time of payment being extended to six months from date of such final judgment.

4. The ordinary rule that a mortgagee in possession will be allowed credit only for such expenditures as are necessary to keep the mortgaged premises in proper repair, is not inflexible, and where the circumstances show that expenses for renewal, improvement and alteration of buildings or machinery, were necessary and beneficial for the proper use of the property, such credits may be allowed. In the present case, the mortgaged premises being a grist mill, evidence that the introduction of a new and improved form of "refiner" by the mortgagee in possession for which he claimed credit was necessary in order

[Wells v. Van Dyke.]

to run the mill in successful competition with other mills which contained similar improved machinery, was held to have been properly admitted.

March 18th, 1885. Before Mercur, C. J., Gordon, Trunkey, Sterrett and Clark, JJ. Paxson and Green, JJ., absent.

Error to the Court of Common Pleas of *Bradford county*: Of January Term 1885, No. 399.

Ejectment, by Charles Wells and Amelia Wells his wife, for her use, against George H. Van Dyke for a messuage and tract of land in Ulster township, Bradford county, Pennsylvania, containing one fourth of an acre. Plea, not guilty.

On the trial, before Morrow, P. J., the following facts appeared:—On September 17th, 1872, Amelia Wells was the owner of the premises in controversy which were then unimproved. By deed of that date, acknowledged September 25th, 1872, she and her husband conveyed this tract to defendant in consideration of three thousand dollars to be advanced by him to be used in the construction of a grist mill on the premises conveyed. An agreement was entered into the same day between the parties to the effect that this sum was to be repaid by plaintiffs within five years from the first of the following March, when defendant agreed to re-convey the premises. This contract was acknowledged on July 2d, 1873. Defendant also became indorser on the notes of Charles Wells for about seventeen hundred dollars. On July 3d, 1873, he caused a bond and mortgage to be prepared and executed by Charles and Amelia Wells, for the purpose of securing the advances mentioned in the contract, as well as the notes indorsed—amounting as fixed by the bond, to one thousand eight hundred and fifty-seven dollars and twenty-eight cents, and also nine hundred dollars to cover accruing interest on the three thousand dollars, until payment of the debt. The bond also provided for an insurance on the property, contained a confession of judgment, and recited that the beforementioned deed and contract were understood to constitute a mortgage. On April 27th, 1874, judgment was entered upon this bond and a fi. fa. issued. A rule granted to open this judgment on the application of Amelia Wells, for the reason that being a married woman when she executed the bond it was therefore void, was afterwards discharged.

A vend. ex. was subsequently issued, under and by virtue of which the premises were sold to defendant, who thereupon took possession. Being dissatisfied with the title thus acquired defendant subsequently issued a scire facias upon the mortgage. Defendants set up as a defence the previous sale. It was, however, decided that said sale passed no title, being

[Wells *v.* Van Dyke.]

under a judgment entered upon the bond of a married woman:
Van Dyke *v.* Wells, 7 Out., 49. It was also subsequently
decided upon a second writ of error in the same suit that the
sum bid by defendant at the former sheriff's sale should be
allowed on account of the debt: Wells *v.* Van Dyke, 10
Out., 111.

The present action was brought to recover possession of the
mortgaged premises to which, according to the decision of the
Supreme Court, no title had passed to the defendant by
the sheriff's sale. Defendant claimed that he was entitled to
certain allowances for altering and making additions to a cer-
tain grist mill and saw mill on the premises during the term
of his possession. Defendant offered to prove by the testi-
mony of Oscar F. Ayers, as an expert, that in order to manu-
facture successfully at the mill it was necessary to put in the
machinery known as the French buckwheat refiner, and that
such machinery was required in running the mill, and that it
cost two hundred and twenty-five dollars, and was an improved
machine, taking the place of what was called the buckwheat
scourer, which was insufficient, and that the use of this
machinery was necessary in order to grind buckwheat at the
mill, for the reason that other mills had the improvement, and
this mill could not grind buckwheat flour without it.

Objected to by plaintiffs as irrelevant and immaterial;
because the improvements were not such as were necessary
to prevent the property from going to waste and decay, but
were introduced for the purpose of improvement alone which
is not a repair. Objection overruled. Evidence admitted.
Exception. (Second assignment of error.)

Defendant further offered to prove that the improvement
of the saw mill by changing it around and by putting the
building in such condition that it could be operated as a
saw mill, was reasonable, proper and beneficial, and that it
increased the actual value of the estate to the full extent of
the cost of the improvement, and to show what the actual
cost of such improvement was. Objected to by plaintiffs. Ob-
jection overruled. Evidence admitted. Exception. (Third
assignment of error.)

Verdict for the defendant, to be set aside, and judgment
entered for the plaintiffs, upon the plaintiffs paying to the
defendant $241.44 in six months, with interest thereon from
November 22d, 1884, and costs.

On December 1st, 1884, a rule for a new trial was granted
both plaintiffs and defendant, which was argued on January
20th, 1885, at which time the defendant moved the court to
enter judgment absolutely for the defendant upon the verdict,
in case it should appear to the court, on consideration of the

matter, that defendant's reasons for new trial were not sufficient.

The opinion of the court and order were as follows: . . . . "As to the form of the verdict. It should have been for the defendant, for the jury found the mortgage was not fully paid. We erred, therefore, in directing them to find a conditional verdict: Hewitt *v.* Huling, 1 Jones, 27. This, however, did not vitiate it. It may be treated as surplusage, and the verdict moulded according to facts found—that is to say, the jury having found the mortgage was not fully paid, the verdict and judgment thereon may be entered for the defendant without condition.

"And now, February 2d, 1885. . . . . It is ordered that judgment be entered for the defendant absolutely and without condition, to have the same effect as if the verdict had been for the defendant." (Fifth assignment of error.)

On February 9th, 1885, on application of the plaintiffs, a rule was granted on defendant to show cause why the judgment entered in this case should not be set aside and stricken off and the verdict set aside, which rule was subsequently discharged. (Sixth assignment of error.)

Plaintiffs thereupon took this writ of error, assigning for error the admission of the defendant's offers of evidence as above and the above rulings of the court.

*H. N. Williams* and *Rodney A. Mercur,* (*E. J. Angle* with them), for plaintiffs in error.—A mortgagee in possession will not be allowed for improvements further than is proper to keep the premises in necessary repair. He ought not to be allowed for permanent and costly improvements made without the consent of the mortgagor even if they are of benefit to the estate: 2 Jones on Mortgages, §§ 1126 and 1127; Harper's Appeal, 14 Sm., 321. Ejectment by a mortgagor against a mortgagee in possession alleging the mortgage to be paid is a lawful remedy in Pennsylvania. It may be brought before the mortgage debt is paid, and the plaintiff may set off the rents, issues, and profits in satisfaction thereof: Reitenbaugh *v.* Ludwick, 7 Casey, 131; Wharf *v.* Howell, 5 Binney, 499; Cole *v.* Bolard, 10 Harris, 431; Stafford *v.* Wheeler, 12 Norris, 462. The form of this verdict is incorrect, it should have been for plaintiffs upon condition that they pay $241.44 before receiving the land. Such a conditional verdict has been decided to be correct in Reitenbaugh *v.* Ludwick, *supra;* Hewitt *v.* Huling, 1 Jones, 27. This proceeding is an equitable one, and is a substitute for a bill in equity. The court has as full power to control such a verdict that no injustice may be done as in the case of a conditional decree in a

[Wells *v.* Van Dyke.]

bill to redeem, of which there are many examples: Peebles *v.* Reading, 8 S. & R., 484; Eberly *v.* Lehman, 4 Out., 545; Rife *v.* Geyer, 9 P. F. S., 396; Creigh *v.* Shatto, 9 W. & S., 82; Gordonier *v.* Billings, 27 P. F. S., 498; Connolly *v.* Miller, 14 Norris, 513; Harper's Appeal, 14 P. F. S., 315; Reitenbaugh *v.* Ludwick, *supra.* The power of the court to amend a verdict is limited, and must make the amended verdict conform to the one actually rendered, both in meaning and intent. It cannot so amend it as to destroy utterly its meaning and entirely change it, as was done here: Friedly *v.* Scheetz, 9 S. & R., 165; Iven's Appeal, 9 Casey, 237; Byrne *v.* Grossman, 15 P. F. S., 310.

*Edward Overton, Jr.* (*John F. Sanderson* with him), for defendant in error.—A conditional verdict is bad at law, and sustainable only as an instrument of equity, and to that end must be supported by averments in the declaration: Irvine *v.* Bull, 4 Watts, 289. No case in Pennsylvania allows recovery in ejectment by a mortgagor who has not paid his debt, either by conditional verdict or otherwise: Warder *v.* Tainter, 4 W. 270. A conditional verdict is not proper in ejectment upon a mortgage, and if such a verdict be rendered the condition will be treated as surplusage, and a judgment entered accordingly: Bower *v.* Fenn, 9 Nor., 359.

Mr. Justice TRUNKEY delivered the opinion of the Court, March 30th, 1885.

The ordinary rule in respect to improvements is that the mortgagee in possession will not be allowed for them further than is necessary to keep the premises in proper repair. This rule is not inflexible, for the allowance may be regulated by the justice and equity arising out of the circumstances of each particular cause. Nor will the mortgagee be held to proof of absolute necessity: Harper's Appeal, 64 Pa. St., 315. While charges for repairs for the purpose of ornament, or the comfort of the mortgagee, or new buildings unnecessary for the preservation of the estate, will not be allowed, expenses for permanent improvements necessary and beneficial for the proper use of the estate will be allowed in the account: Jones on Mortgages, § 1129. Under the circumstances of this case, the evidence referred to in the second and third specifications was properly received. That the buckwheat refiner. was a substantial improvement, and not a repair of old machinery, was not enough to exclude its cost as a proper charge. The old machinery may have been of such character as to have become useless in the competition with other mills

[Wells *v.* Van Dyke.]

in the neighborhood. Only upon the special circumstances could it be determined whether the defendant ought to be allowed the cost of the refiner. And for like reason the evidence relative to alterations in the sawmill was admissible.

The only remaining question which calls for remark, namely, whether the court erred in entering judgment for the defendant, is raised by the fifth specification. As the verdict settles that the debt was not fully paid, the learned judge of the common pleas was of opinion that the verdict and judgment must be for the defendant, citing as authority Hewitt *v.* Huling, 11 Pa. St., 27. In that case, it is true, that the jury were instructed to render a verdict for the defendants, unless the clear profits up to the time of the trial amounted to as much as the debt and interest. The point was not considered in this court, for there was an unconditional verdict for the plaintiff, showing that the jury found that the debt had been paid before the beginning of the suit. In Cole *v.* Bolard, 22 Pa. St., 431, the plaintiff alleged that the apparent deed was a mortgage; there was no claim of any payment by rent or profit, and it was said that if the debt was paid any time before trial, though not before the bringing of the suit, the plaintiff was entitled to the verdict for the land, conditioned that he should pay the costs before taking out execution. There, no point was raised in this court respecting a verdict should the jury find that a part of the mortgage debt was unpaid at the time of the trial. We are not advised of any other case in this state touching or disposing of the question.

Formerly, in some other states, the mortgagor, after payment of the debt, could not recover possession in ejectment from the mortgagee; his remedy was by bill in equity. Even where this rule has been somewhat relaxed, it has been held that the mortgagor cannot maintain ejectment against the mortgagee in possession so long as there is any question whether the mortgage debt has been paid in full, or there remains any question of account to settle between the parties; in such case he must resort to a bill to redeem. When the mortgagee has in fact received rents and profits sufficient to satisfy the debt, the mortgagor's remedy is in equity, for only in a court of equity can he compel account and application of the profits to the payment of the debt. The mortgagor seeking to regain possession of the premises must do equity to the mortgagee by paying all that is due on the mortgage. Ordinarily, when the debt has not been fully paid, the form of the judgment is that the plaintiff may redeem, upon paying the amount found due on the mortgage, within a specified time, together with costs, and upon his doing so the defendant shall

[Wells *v.* Van Dyke.]

discharge the mortgage and deliver up the premises, and that upon default of such payment the bill be dismissed with costs. And the decree should fix a time within which the redemption is to take place. The general rule in regard to costs upon a suit to redeem is that the plaintiff, although successful in the suit, instead of recovering costs, pays them to the defendant. An exception to this rule is made when the defendant sets up an unwarranted defence, or one which wholly fails, in which case he may be compelled to pay costs. If the amount due is in dispute, although the defendant proves to be in error, yet if he had reasonable ground for his view of the case, the costs will be awarded against the plaintiff: Jones on Mort., §§ 673, 674, 1106, 1111.

In Pennsylvania the mortgagor may enforce his equitable rights against the mortgagee in possession, in an action of ejectment. In such case the rents and profits to be accounted for, and the sum due and owing by the mortgagor, will be determined by the jury: Reitenbaugh *v.* Ludwick, 31 Pa. St., 131. And the defendant may be charged with the rents and profits of the land up to the date of trial: Stafford *v.* Wheeler, 93 Id., 462. He shall recover if the debt be paid at any time before the trial, for this would be his right in equity in a suit to redeem. Where an account is necessary to determine whether or not anything is due on the mortgage debt, in equity he could recover in case it was not wholly paid, upon condition that he pay the balance. In such case why may he not also recover in ejectment? The account is to be settled and the equity to be administered when it turns out that the rents and profits up to the date of trial do not equal the debt, precisely upon equitable principles as if it should happen that no balance was due and owing on the mortgage debt. We are of opinion that the mortgagor is entitled to recover in the former case, as well as in the latter.

This verdict establishes the amount owing by the plaintiff to the defendant on the mortgage debt, and the time within which it may be paid by the plaintiff with interest and costs; and although in favor of the defendant for the land in question, it is conditioned that it be set aside and judgment entered for the plaintiff upon said payment within the specified time. Its form is incorrect; but its plain meaning is that judgment in favor of the plaintiff for the land shall be entered, "upon the plaintiff paying to the defendant $241.44 in six months, with interest thereon and costs." The Act of March 14th, 1872, provides that no verdict shall be set aside for defectiveness in form. Therefore the parties need not lose the fruits of the long trial which resulted in determining the

amount remaining unpaid on the debt after settlement and application of the rents and profits received by the defendant.

> Judgment reversed, and now judgment is entered on the verdict for the plaintiff for the land claimed, upon condition that the plaintiff shall pay to the defendant two hundred and forty-one dollars and forty-four cents ($241.44), with interest from date of the verdict, and costs, before taking out execution for delivery of possession ; and the plaintiff to be allowed six months from this date within which period she may make the said payment.