# George W. Crouse *v*. Levi K. Binkley, Appellant.

*Mortgage—Mortgagee in possession—Equitable ejectment—Tender.*

In an equitable ejectment brought by a mortgagor out of possession against a mortgagee who is in under the mortgage, a tender of the amount due on the mortgage, made before suit brought, is ordinarily a condition precedent to the recovery. When it is alleged that the mortgagee has been paid out of the rents and profits received by him, or in any other manner, an account may be taken at the trial to determine the truth of the plaintiff's claim.

If the account so taken shows the payment of the debt in full, plaintiff may recover an unconditional verdict. If the account shows a balance still unpaid this may be secured by a conditional verdict which ascertains the amount due, and enables the plaintiff to recover subject to its payment.

Argued March 5, 1895. Appeal, No. 63, Jan. T., 1895, by defendant, from judgment of C. P. Berks Co., May T., 1891, No. 8, on verdict for plaintiff. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment to recover a tract of four acres of land in Lower Heidelberg township. Before ENDLICH, J.

At the trial it appeared that the property in controversy formerly belonged to William M. Crouse, the plaintiff's father, and was included in a deed of assignment for the benefit of his creditors. It was subsequently conveyed by the assignee to Nancy Crouse, the assignor's wife. Another property of William M. Crouse in Lancaster county had been sold on execution against him, and, at the instance of the Crouses, bought in for Nancy Crouse, by Levi W. Mentzer, who paid $1,545 for it, and took a mortgage upon it for $1,555, being the full amount of the purchase money together with costs of conveyance, recording, etc. Mentzer claimed that in the spring of 1880, it was agreed between him and the Crouses that, as additional security, a deed should be made to him for the Berks county property, absolute on its face, but in point of fact defeasible upon the satisfaction of his claim on the Lancaster county land; and in pursuance of this agreement he received a deed therefor dated April 11, 1880. The evidence upon this point consisted of the testimony of William M. Crouse to the effect that the

understanding was that the deed for the Berks county land was to be given as collateral security for the Lancaster county debt, which was all then owing to Mentzer, and that, with that understanding, the deed was executed by himself and his wife in blank, and left with the scrivener, who was also his assignee, to be filled out and delivered. Nancy Crouse denied any indebtedness to Mentzer beyond the $1,555, any negotiations looking towards a sale of the Berks county land to him, or any knowledge of a claim on his part to the ownership of it. She admitted signing the deed to Mentzer, but explained that being unable to read, she was led to believe and did believe, she was signing some instrument necessary to close up the settlement of the assigned estate and enable the transfer of the property to herself. A letter, dated March 27, 1880, and written by Mentzer himself, to the assignee, corroborated William M. Crouse's statement that a deed was signed in blank, and that he had seen Mentzer and agreed, for his wife, to the making of a " collateral deed of that Berks county land for me, as a bail to the property I bought for them at sheriff's sale," but refusing to take anything but a deed absolute upon its face, directing the assignee so to fill it out and send it to him, and adding, " I don't want to make a dollar out of them ; if they pay me that $1,545, or if I don't lose anything, I just deed this Berks county tract back to them."

Mentzer claimed that the deed was an absolute one for consideration, and he sold the land to Lev. K. Binkley for three hundred dollars. Before purchasing, Binkley required Mentzer to give a bond of indemnity. Prior to the sale to Binkley William and Nancy Crouse made a deed of the land to their son, George W. Crouse.

Defendant presented the following points, all of which were reserved.

1. There is not sufficient evidence to show that the deed from Crouse and wife to Mentzer is other than an absolute deed —no contemporaneous defeasance—and defendant cannot recover. [1]

2. Even if the deed to Mentzer is collateral for the payment of the money Mentzer had advanced, there can be no recovery in this case, as the money is still unpaid. [2]

3. Nor does it make any difference that Mentzer conveyed

to Binkley, as Mentzer has indemnified him against all adverse claims or loss. [3]

The court charged the jury as follows : " The question whether your verdict is to be for the plaintiff or for the defendant in this case depends upon your finding as to what were the true facts concerning the transaction between Nancy Crouse and her husband and the witness, Mentzer, which resulted in the execution of the deed of Nancy Crouse and her husband to Mentzer, under which he claims title to this property.

" That deed, on its face, is an absolute deed of conveyance, reciting a consideration of $158.   On the face of the deed Mentzer became the absolute owner of this property and the burden of showing that he was anything else than the absolute owner of this property lies entirely upon the plaintiff. . . .

" [Now, gentlemen, the plaintiffs in this case have undertaken to prove to you that this deed was accompanied with an understanding at the time between the parties that it should not operate as an absolute transfer of the title of Crouse to Mentzer in this four-acre tract of land in Berks county, but that Mentzer should hold that tract as additional security for some money which the Crouses at the time owed him, Mentzer, by reason of some former transaction between them.   The question in this case is, Is it or is it not true ? and that is the question you will have to decide under the rule I have given you. You must remember that the written instrument shows Mentzer to be the absolute owner; that in order to make him out anything else than the absolute owner, in order to establish the proposition which the plaintiffs contend for, you must be satisfied that they made it out beyond a reasonable doubt by the testimony produced here before you, remembering, also, the contradiction which Mentzer and his witnesses have placed in the way.   You will, of course, consider with all the testimony of the plaintiff and his witnesses the written instruments that have been shown here before you, this letter that Mentzer wrote to ' Squire Ream, the accounts, his own explanations and denials, and whatever else has been shown in evidence, and from all this you will determine, gentlemen, whether you are satisfied that the story which the plaintiff told you is true, is made out clearly, fully and satisfactorily, beyond a reasonable doubt.   If so, then you will return a verdict for the plaintiff ; if not, you will find for the defendant.] [5]

Verdict for plaintiff.

On a rule for judgment non obstante veredicto, the court, ENDLICH, J., made the following order: " And, now, to wit, January 8, 1894, the rule for judgment non obstante veredicto is discharged, and the rule for a new trial is discharged, on con- dition that the plaintiff, within thirty days from this date, pay into the court so much of the sum of $1,555 owing by Nancy Crouse to Levi Mentzer, with interest thereon, as shall still be due, or produce to the court satisfactory evidence of the pay- ment, discharge or settlement of said debt; otherwise said rule to become absolute."

The court subsequently made the following order: " And now, to wit, February 7, 1894, it appearing to the court that the settlement of the indebtedness in Lancaster county, on the part of Nancy Crouse to Levi Mentzer, has by agreement of said parties been deferred to April 1, 1894, it is now, on motion of counsel for plaintiff, ordered that the period of thirty days, specified and limited, as by order of the court, made January 9, 1894, for proof of payment of said indebtedness, etc., be extended so as to expire April 7, 1894."

*Errors assigned* were (1–3) refusing to affirm defendant's points, quoting them; (4) entering judgment for plaintiff; (5) charge of court.

*Herbert R. Green, A. G. Green* with him, for appellant.— The evidence was insufficient to show that the deed was a mort- gage : Act of June 8, 1881, P. L. 84; Pancake v. Cauffman, 114 Pa. 113; Berger v. Dankel, 100 Pa. 113; Ferguson v. Rafferty, 128 Pa. 356; Thomas v. Loose, 114 Pa. 35 ; Nicholls v. McDonald, 101 Pa. 514; Sower v. Weaver, 78 Pa. 443 ; Bitner v. Boone, 128 Pa. 571; Wallace v. Smith, 155 Pa. 78; Boyertown Bank v. Hartman, 147 Pa. 558.

As a prerequisite to a decree in equity for a reconveyance, as well as to recover in ejectment, in a suit brought on an equit- able title, it is necessary for the plaintiff to prove that the debt has in some way been paid, or that a tender of the sum due has been made before suit: Gore v. Kinney, 10 Watts, 139 ; Levick v. Bensing, 1 Mona. 592 ; Munger v. Casey, 1 Mona. 692 ; 6 Am. & Eng. Ency. of Law, 680 ; Kerst v. Ginder, 1 Pitts. 314.

A. K. *Stauffer*, S. M. *Meredith* with him, for appellee.

OPINION BY MR. JUSTICE WILLIAMS, April 1, 1895 :

This is an equitable ejectment brought by a mortgagor out of possession against a mortgagee who is in under his mortgage. Ordinarily in such cases a tender of the amount due on the mortgage, made before suit brought, is a condition precedent to a recovery. But when it is alleged that the mortgagee has been paid out of the rents and profits received by him, or in any other manner, so that the land is no longer in pledge, an account may be taken at the trial to determine the truth of the plaintiff's claim. If the account so taken shows the payment of the debt in full the plaintiff may recover an unconditional verdict. If the account results in showing a balance still unpaid this may be secured by a conditional verdict which ascertains the amount due and enables the plaintiff to recover subject to its payment.

In this case the defendant was found to be a mortgagee in possession. It was made to appear beyond all doubt that his debt was fully paid. On such a state of facts the plaintiff was entitled to an unconditional verdict in his favor.

The judgment is affirmed.