Elliott *v.* Moffett et al., Appellants.

Argued May 25, 1950. Before Drew, C. J., Stern, Stearne, Jones and Bell, JJ.

*Eugene C. Sloan,* with him *Dean D. Sturgis,* for appellants.

*John L. Spurgeon,* with him *J. K. Spurgeon, Wade K. Newell* and *Spurgeon & Spurgeon,* for appellee.

Opinion by Mr. Justice Horace Stern, June 26, 1950:

The solution of the problem involved in this case depends upon the relative rights and duties of a mortgagor and a mortgagee in possession under a long continued and unchallenged occupancy.

One Hiram Davis was the owner of a lot of ground and two-story frame dwelling house thereon in the Borough of Brownsville, Fayette County. He died in 1916

intestate, leaving to survive him his widow and three children, Alberta, Evelyn and Howard. Alberta married Thomas Elliott. The widow died in 1939, and in 1940 Evelyn and Howard Davis conveyed their respective interests in the premises to Alberta, the plaintiff in the present proceedings, whereby she became sole owner of the property.

In 1908 Hiram Davis had executed a mortgage on the premises in the principal sum of $4,147 to Samuel Taylor, Trustee, who was the president of the National Deposit Bank of Brownsville, to secure the payment to the Bank of a promissory note in that amount payable within six months of the date thereof. In 1917 Taylor, Trustee, sold and assigned the note and mortgage to Thomas Elliott, plaintiff's husband, who thereupon took over the control of the premises as mortgagee in possession. From 1917 to 1919 he rented the property to a tenant; in 1919 he and plaintiff assumed occupancy and remained until 1923 when they separated and plaintiff left the premises; from 1923 to 1930 Elliott again rented the property to various tenants. In 1930 he was adjudicated a bankrupt and in 1931 his trustee in bankruptcy sold and assigned the mortgage to Edith D. Moffett, one of the defendants, who thereafter occupied the premises as mortgagee in possession until 1946 at which time she delivered possession to William E. Hudson, the other defendant, in accordance with the terms of an agreement to sell him the property. During the years from 1920 to 1943 the property was assessed for tax purposes in the name of Thomas Elliott and since 1944 in the name of Edith D. Moffett, but Elliott did not pay any of the taxes from 1930 on. The property was advertised by the County Treasurer for sale for the 1932 taxes; the sale was not held, however, until 1940, at which time it was purchased by the County Commissioners. In 1942 the County Treasurer executed a deed for the property to the County Commissioners, who in turn, in 1944, ex-

ecuted and delivered their deed to the defendant, Edith D. Moffett. In 1946 the latter filed a petition in the court below setting forth her claim of title and obtained a rule upon the heirs of Hiram Davis to show cause why her title should not be decreed valid and indefeasible as against all rights or claims whatsoever. In furtherance of that rule the court ordered plaintiff to bring the present action in ejectment to recover possession. By agreement of the parties the case was tried by the court without a jury. Hearing having been had, the court ordered judgment to be entered in favor of the plaintiff and against the defendants, and directed defendant Edith D. Moffett to satisfy the mortgage of record and also by deed to quitclaim to plaintiff all her apparent right, title and interest in the premises. From the entry of the judgment thus ordered defendants appeal.

The contention of the plaintiff was that the rents and rental value of the property during the years defendants held the premises were more than sufficient to discharge the mortgage debt with interest and all charges, and therefore she was entitled to repossess the premises. Defendants, on the other hand, contended that the heirs of the mortgagor had lost their equity of redemption by laches, not having requested or demanded an accounting from the mortgagee in possession from 1917 until the present action was commenced, a period of nearly 30 years; they also claimed title by reason of the deed from the County Commissioners to Edith D. Moffett.

When Thomas Elliott entered upon the occupancy and control of the premises in 1917 he did so by virtue of the right which the law gives to a mortgagee to take possession of the mortgaged property and to apply the rents, issues and profits thereof, less taxes, costs of necessary repairs and other charges, to the payment of the principal and interest on the mortgage; plaintiff could not have interrupted that possession through force or legal action until all sums due on the mortgage had been

satisfied. Elliott's status was that of a quasi or constructive trustee with the duty of performing the functions of a provident owner and accounting to the mortgage debtor for his management of the property: *Commonwealth Trust Co. Case,* 331 Pa. 569, 577, 1 A. 2d 662, 666; *David Oil Co. v. Fogle,* 354 Pa. 150, 151, 47 A. 2d 209; *Integrity Trust Co. v. St. Rita Building & Loan Association,* 112 Pa. Superior Ct. 343, 348, 171 A. 283, 285 (aff. 317 Pa. 518, 177 A. 5); *Binns, Inc. v. Winthrop,* 158 Pa. Superior Ct. 254, 259, 44 A. 2d 532, 535; *Winthrop v. Arthur W. Binns, Inc.,* 160 Pa. Superior Ct. 214, 216, 50 A. 2d 718, 719. Since a trustee cannot be heard to set up an adverse holding (*Krauczunas v. Hoban,* 221 Pa. 213, 224, 70 A. 740, 745; *Carter v. Carter,* 321 Pa. 391, 396, 184 A. 78, 80) it would seem that, unless and until such a mortgagee in possession by some word or action repudiates the trust and indicates an intention to continue his possession no longer in that capacity but as an adverse holder, the mortgagor should not be barred from recovering possession by any lapse of time prior to such repudiation; in the present case no such repudiation occurred. It is true that ejectment proceedings such as the present are regarded in Pennsylvania as an equitable action in the nature of a bill to redeem (*Wells v. Van Dyke,* 109 Pa. 330, 335, 336; *Mellon v. Lemmon,* 111 Pa. 56, 65, 2 A. 56, 58), and it is said in Story's Equity Jurisprudence, 14th ed., vol. 3, p. 31, §1375, that "In respect to the time within which a mortgage is redeemable it may be remarked that the ordinary limitation is twenty years from the time when the mortgagee has entered into possession after breach of the condition under his title, by analogy to the ordinary limitation of rights of entry and actions of ejectment. If therefore the mortgagee enters into possession in his character of mortgagee and by virtue of his mortgage alone, he is for twenty years liable to account. . . . But if the mortgagor permits the mortgagee to hold the

possession for twenty years without accounting or without admitting that he possesses a mortgage title only, the mortgagor loses his right of redemption, and the title of the mortgagee becomes as absolute in equity as it previously was in law. In such a case the time begins to run against the mortgagor from the moment the mortgagee takes possession in his character as such; and if it has once begun to run and no subsequent admission is made by the mortgagee, it continues to run against all persons claiming under the mortgagor, whatever may be the disabilities to which they may be subjected." (See also Glenn on Mortgages, vol. 1, pp. 362 et seq., §55). Under *that* rule the mortgagor would lose his equity of redemption by failing to demand an accounting within 20 years even if there were no affirmative act or assertion of adverse title by the mortgagee while in possession. However, even under the view thus expressed by Story such a result would not follow if, during the twenty years, the mortgagee admitted that he possessed a mortgage title only. In Glenn on Mortgages, vol. 1, p. 364, §55, it is stated that "any recognition of the equity on the mortgagee's part, such as . . . a . . . transfer by deed . . . which recited the mortgage as in effect, would stop the running of time and give the mortgagor a fresh start." It is a well established principle that one claiming under a deed is bound by any recognition it contains of title in another: *Olwine v. Holman,* 23 Pa. 279; *Masters v. Local Union No. 472, United Mine Workers of America,* 146 Pa. Superior Ct. 143, 22 A. 2d 70. When the mortgage here in question was assigned in 1931 by Thomas Elliott's trustee in bankruptcy to the defendant Edith D. Moffett the deed of assignment contained the following provision: "Subject, nevertheless, to the right of redemption vested in the said Hiram Davis, his heirs and assigns." It is clear, therefore, that, from any point of view, the facts do not support defendants' claim of

acquisition, through the passing of time, of a valid and indefeasible title.

Defendants contend that the most to which plaintiff may have been entitled was an interlocutory decree for an accounting and only if such an accounting had been had and only if it had revealed that the mortgage debt had been fully paid would the court have been warranted in entering judgment for the plaintiff. The testimony, however, showed that the amount of rentals received by Thomas Elliott and Edith D. Moffett during their successive occupancies as mortgagee in possession, together with the fair rental value of the property during the time Thomas Elliott himself lived there, was several times greater than the amount of the principal and interest due on the mortgage, even after allowing for taxes, necessary repairs and other proper charges. The court found as a fact that "The mortgage debt has been fully paid, with interest and all other charges," and indeed that it had already been so paid when the mortgage was assigned to Edith D. Moffett in 1931. It was not necessary, therefore, to go through the mechanics of a formal accounting: *Wells v. Van Dyke,* 109 Pa. 330; *Mellon v. Lemmon,* 111 Pa. 56, 65, 2 A 56, 58; *Crouse v. Binkley,* 167 Pa. 182, 31 A. 551.

Defendants rely partly for their claim of title on the fact that between 1920 and 1943 the property was assessed for tax purposes in the name of Thomas Elliott and since 1944 in the name of Edith D. Moffett. But, while assessment and payment of taxes are circumstances admissible in evidence as tending to support a claim of possession, they do not in themselves work a divestiture of the title: *James v. Bream,* 263 Pa. 305, 308, 106 A. 722, 723; *Camp Chicopee v. Eden,* 303 Pa. 150, 154, 154 A. 305, 306; *Green v. Schrack,* 16 Pa. Superior Ct. 26, 32.

Finally, defendants assert that they acquired title to the property by the deed from the County Commis-

sioners to Edith D. Moffett in 1944, following the sale for the non-payment of the 1932 taxes. But, since it is the duty of a mortgagee in possession to pay the taxes out of the rents and profits received by him, he cannot take advantage of his violation of that duty by purchasing the property at a tax sale occasioned by his own default. It is elementary that if a trustee buys the trust property at a sale which is brought about in any way by himself—even though the sale be a public one—he will be presumed to buy and hold the title for the benefit of the trust and not for his own individual account: *Church v. Winton,* 196 Pa. 107, 46 A. 363; *Kenworthy v. Equitable Trust Company,* 218 Pa. 286, 67 A. 469; *Nay Aug Lumber Co. v. Scranton Trust Co.,* 240 Pa. 500, 507, 87 A. 843, 845; *David Oil Co. v. Fogle,* 354 Pa. 150, 151, 47 A. 2d 209, 210; *Harris v. Silvis,* 86 Pa. Superior Ct. 222, 227; *Integrity Trust Co. v. St. Rita Building & Loan Association,* 112 Pa. Superior Ct. 343, 348, 349, 171 A. 283, 285.

The judgment is affirmed.