## Bunting, Appellant, *v.* North Philadelphia Trust Company et al.

Argued November 19, 1935. Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*William D. Harkins,* for appellant.

*Samuel Knox White,* of *Peck & White,* with him *Donald P. McPherson, Jr.,* for appellee.

OPINION BY KELLER, P. J., January 31, 1936:

The decision of the Supreme Court in Penna. Co. v. Bergson, 307 Pa. 44, 159 A. 32, rules this case in favor of the appellant, as respects the taxes for 1931 and 1933. The case of Rawle v. Renshaw, 15 Pa. Superior Ct. 488, to the contrary, was overruled by the Bergson case, supra, which holds that the registered owner of real estate in Philadelphia is personally liable for the taxes *assessed* against the land during the period of his registered ownership, and this irrespective of the fact whether the registered owner is a dry trustee for someone else, who is the real, but not registered, owner. And it makes no difference whether the taxing authorities know of such trusteeship or not; and the knowledge, as to such trusteeship, of the mortgagee, who, on foreclosure of the mortgage, purchases the real estate, pays the taxes and is subrogated to the rights of the taxing authorities, is likewise immaterial. The registered owner is liable for the taxes by reason of being the registered owner, and not because of any beneficial ownership in the property. He may recover the taxes so paid from the real owner, if the latter is financially solvent, but by becoming registered owner he assumes personal responsibility. Whether he can recoup himself or not from another is his lookout.

As to the taxes for 1934 the situation is somewhat different. The plaintiff, on or about March 1934, following default under the mortgage, entered into possession of the mortgaged real estate, collected the rents up to the date of sale, December 3, 1934—sheriff's deed was delivered on December 21, 1934,—and did not apply the same or any part thereof to the payment of the mortgage debt or interest. In so far as the rents thus collected exceed the reasonable expenses of operation and necessary repairs and insurance, the net balance is applicable to the taxes for 1934. See Provident Trust Co. v. Judicial B. & L. Assn., 112 Pa. Superior Ct. 352, 357, 171 A. 287, where we said: "The plaintiff, apparently, has in its possession rents belonging to the defendant which it received and did not appropriate to the payment of interest or principal on the mortgage. Not having been so appropriated, in so far as those rents were not applied to necessary repairs and expenses in connection with the real estate, they remain the property of the defendant and should be credited on the taxes for 1931 claimed in this action. The defendant is not the mortgagor. It is the alienee of the mortgagor, a terre tenant in its restricted sense: Commonwealth Trust Co. v. Harkins, 312 Pa. 402, 408, 167 A. 278. It gave the plaintiff mortgagee no bond. The foreclosure of the mortgage ended the mortgage debt, as distinguished from the bond of the mortgagor which it secured. The plaintiff cannot apply the defendant's property in its hands to the deficiency under the mortgagor's bond. See Integrity Trust Co. v. St. Rita B. & L. Assn., supra, [112 Pa. Superior Ct. 343, 171 A. 283]. Hence the defendant is entitled to have credited on the plaintiff's claim for 1931 taxes any surplus of rents in its hands remaining after payment of necessary repairs and expenses; the plaintiff not having appropriated the same to the mortgage debt, interest or principal. It is not entitled to judgment for the 1931 taxes in full, but

only to such balance, if any, as may remain after crediting on those taxes the amount of rents remaining in its hands after payment of necessary repairs and expenses on the property while it collected the rents as mortgagee. It is the only party in a position to present these figures and should do so on the trial. The defendant is not in a position to furnish accurately either the amounts of rent collected or the repairs and expenses paid therefrom." The registered owner, sued in this action, is entitled to the benefit of this credit. Equity requires—and this right of subrogation is equitable in its nature—that any balance from rents in the plaintiff's hands over and above expenses, repairs, etc., be applied to the taxes for 1934, to the relief of the registered owner.

The assignments of error are sustained, to the extent indicated in this opinion, and the record is remitted to the court below with directions to enter judgment against the defendant, North Philadelphia Trust Co., for such sum as to right and justice may belong—that is to say, for the taxes paid by plaintiff for the years 1931 and 1933,—unless other legal or equitable cause be shown to the court below why such judgment should not be so entered; with leave to the plaintiff to proceed by trial for the taxes paid for the year 1934.