## Fassitt *v.* North Tioga Building and Loan Association, Appellant.

Argued September 29, 1938. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Sidney B. Gottlieb,* for appellant.

*Robert P. Shick,* for appellee.

Opinion by Keller, P. J., November 18, 1938:

The plaintiff held a first mortgage on premises No. 3237 North 17th Street, Philadelphia. The defendant held a second mortgage on the same premises. The defendant mortgagee, because of condition broken, entered into possession of the mortgaged premises and collected the rents from January 31, 1932 to February 18, 1936, when the plaintiff, as first mortgagee, entered into possession and thereafter himself collected the rents until the property was sold at sheriff's sale on his first mortgage, and purchased by him. Having subsequently paid the taxes for 1935 and 1936, which had not been paid by the owner or by the defendant mortgagee in possession, plaintiff brought this action in assumpsit against the defendant to recover the amount so paid, and obtained a judgment. The judgment must be reversed.

The plaintiff's cause of action is based on his right, upon payment of taxes by him as mortgagee-purchaser at sheriff's sale, to be subrogated to the City's right to bring a personal action in assumpsit for the unpaid taxes: *Integrity Trust Co. v. St. Rita B. & L. Assn.*, 112 Pa. Superior Ct. 343, 345, 171 A. 283, affirmed by Supreme Court in 317 Pa. 518, 177 A. 5. Much of the apparent confusion on the subject will be avoided if this is borne in mind. The mortgagee-purchaser obtains no higher rights than were possessed by the City at the time of foreclosure. If the City could not hold the defendant liable for the taxes in an action of assumpsit, the mortgagee-purchaser after the foreclosure cannot.

Our Supreme Court has ruled (*Penna. Co. v. Bergson*, 307 Pa. 44, 52, 159 A. 32, reaffirmed in *Fidelity-Philadelphia Trust Co. v. Bergson* (No. 1), 328 Pa. 545, 196 A. 28) that the City may bring its action in assumpsit for unpaid taxes against the registered owner or against the real owner of the real estate subject to

the taxes. There is no personal liability to the City for such taxes resting on anybody else.

This defendant never was either the registered owner or the real owner of the mortgaged premises. It was only the mortgagee in possession. As such it was not liable to the City for the payment of the taxes. A mortgagee who, on condition broken, takes possession of the premises, pursuant to the provisions of the mortgage, does not thereby become either the real or registered owner of the property: *Provident Trust Co. v. Judicial B. & L. Assn.*, 112 Pa. Superior Ct. 352, 355, 171 A. 287. While it becomes a quasi-trustee for the *owner of the premises,* it sustains no trust relation to either the City or a prior mortgage holder. Cf. *Fidelity T. & T. Co. v. Garrett,* 327 Pa. 305, 194 A. 398.

The *owner* of the mortgaged premises at the time the rents were collected may have the right to call upon the defendant, as mortgagee in possession, for an accounting of the rents received by it from January 31, 1932 until it was dispossessed by the plaintiff himself taking possession as first mortgagee; but this plaintiff, by purchasing the mortgaged real estate at foreclosure sale, did not thereby succeed to any such right of the owner.

The City's right to recover unpaid taxes by action of assumpsit was restricted to an action against the real or registered owner. The plaintiff, on paying the taxes, became subrogated to the City's right of action against the owner, (subject, however, to a possible accounting for the rents collected by him while in possession as mortgagee: *Bunting v. N. Phila. Trust Co.,* 120 Pa. Superior Ct. 419, 421, 182 A. 656), but could not extend it so as to proceed against this defendant which was neither the real owner nor the registered owner of the mortgaged premises.

Judgment reversed and entered for the defendant.