McNicholas' Appeal.

Argued September 25, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*George F. Douglas,* for appellant.

*Horace M. Barba,* with him *George J. Mallen* and *Herbert P. Sundheim,* Special Deputy Attorneys General, *Orville Brown,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

OPINION BY BALDRIGE, J., November 15, 1939:

This appeal is from the dismissal of exceptions to the first and partial account of the Secretary of Banking as receiver of the George W. Hyde Building and Loan Association Number Three.

The appellant, Mary McNicholas, was the holder of a first mortgage of $3,000 on premises 3925 North Eighth Street, Philadelphia, and the George W. Hyde Building and Loan Association Number Three held a second mortgage.

On December 21, 1936, the Secretary of Banking took control of the building and loan association and shortly thereafter went into possession of the mortgaged premises as mortgagee and collected the rents until the first mortgagee took possession of the premises. The account of the receiver sets forth that he collected $432 in rents from the property and that after paying all expenses, including the 1937 taxes and two interest installments of $90 each on the first mortgage, there remained a balance of income in his hands of $137.76, which appellant alleges is due her on account of accrued interest and 1938 taxes, totalling $172.69.

The receiver denied liability on the ground that the association did not create the mortgage owned by the appellant or assume contractual liability to pay it, and never was the owner of the premises; that, therefore, the claimant, as first mortgagee, is not entitled to the income derived from the mortgaged premises while he as receiver was in possession.

The appellant contends that under the Banking Code of May 15, 1933, P. L. 565, §701 (71 PS §733-701), the Secretary of Banking as a receiver is the representative of all the creditors, the same as a general receiver appointed by a court of equity, and as a creditor she is entitled to the $137.76.

The difficulty that confronts the appellant is that she is not a creditor of the building and loan association, the second mortgagee. The mortgagor, the owner, only was obligated to her, not the holder of the second mortgage. The receiver, the mortgagee in possession, was never the registered owner or, as above mentioned, the real owner of the mortgaged premises. A mortgagee in possession is a quasi trustee for the owner of the premises who may make a demand for an accounting of rents received. The appellant, a first mortgagee, however, cannot call upon the second mortgagee to account to her for the income received while in possession of the premises: *Provident Trust Co. v. Judicial B. & L. Assn. et al.*, 112 Pa. Superior Ct. 352, 355, 171 A. 287; *Fassitt v. North Tioga B. & L. Assn.*, 133 Pa. Superior Ct. 146, 2A. 2d 499. The appellant argues that this rule is not applicable, as the receiver lulled her into a sense of security when he "advised" her that after the rents were collected he would pay the taxes, water rent, and the first mortgage interest. No proof whatever was adduced that any statement of such a character was made. That position, therefore, is not entitled to consideration as there is nothing to support it.

418

We find no sufficient reason advanced to disturb the disallowance of appellant's claim.

Decree affirmed, at appellant's costs.