414 A.2d 357

**MYERS–MACOMBER ENGINEERS, Appellee,**

v.

**M. L. W. CONSTRUCTION CORPORATION and HNC Mortgage and Realty Investors, Appellants.**

**Appeal of HNC MORTGAGE AND REALTY INVESTORS.**

Superior Court of Pennsylvania.

Argued March 12, 1979.

Filed Nov. 9, 1979.

486

William F. Martson, Carlisle, for appellants.

Walter W. Wilt, Harrisburg, for appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

Does a mortgagee who goes into possession of an incomplete condominium development upon default in the terms of a mortgage by the mortgagor owe a duty to use undistributed mortgage funds to satisfy the mortgagor's unpaid debts? The lower court held that a mortgagee in possession becomes a quasi trustee with a responsibility to satisfy outstanding, job related claims against the mortgagor. We disagree and reverse.

M.L.W. Construction Corporation was the owner and developer of a series of condominiums on a nineteen acre tract in East Pennsboro Township, Cumberland County. HNC Mortgage and Realty Investors agreed to lend construction money in the amount of $5,850,000.00, which sum was secured by a construction mortgage. After $2,900,000.00 had been advanced, the developer defaulted. HNC thereupon exercised the right given by the terms of the mortgage to assume control of the project as a mortgagee in possession. Subsequently, HNC foreclosed on its mortgage and purchased the incomplete development at sheriff's sale. The project was completed by a contractor employed by HNC.

The appellee, Myers-Macomber Engineers, had performed site-preparation work pursuant to a contract with M.L.W., for which it is owed an unpaid balance of $11,298.98. In this action of assumpsit appellee alleged that M.L.W. had breached its contract to pay for services rendered. M.L.W. did not contest the claim. In a separate count against HNC, appellee contended that the lender was liable for the value of engineering services on theories of unjust enrichment. The trial court submitted this issue to a jury, which returned a verdict in favor of appellee and against HNC for $11,000.00. Motions for new trial and judgment n. o. v. were denied, and judgment was entered on the verdict. HNC appealed.

 "Mortgagee in possession" is a term applied to the special status of a mortgagee who has obtained possession of property from the mortgagor with the consent of the latter. See generally: 55 Am.Jur.2d Mortgages §§ 184, 185, 193–

196; Osborne, Mortgages §§ 160–176 (2d ed., 1970). Such consent is usually contained, as here, in the mortgage agreement. This remedy avoids the drastic step of foreclosure, while enabling the mortgagee to protect and preserve its security interest. The mortgagee does not thereby limit its right to foreclose, and, upon foreclosure, the mortgagee may purchase the property at sheriff's sale. *Girard Trust Company v. Dempsey*, 129 Pa.Super. 471, 476, 196 A. 593, 595 (1938). Frequently, foreclosure becomes necessary despite the salvage efforts of a mortgagee in possession. If the mortgagor should avoid foreclosure by paying off the mortgage debt while the mortgagee is in control of the property, however, the mortgagee must surrender possession to the mortgagor, for the mortgagor has retained his title to the real estate throughout the mortgagee's occupancy. *Elliot v. Moffett*, 365 Pa. 247, 74 A.2d 164 (1950); *Malamut v. Haines*, 51 F.Supp. 837 (M.D.Pa.1943).

When a mortgagee goes into possession, he does not become the owner of the real estate. *Provident Trust Co. of Philadelphia v. Judicial Building and Loan Asso.*, 112 Pa.Super. 352, 171 A. 287 (1934); *Malamut v. Haines*, supra. Rather, he becomes a quasi trustee, managing the property for the benefit of the mortgagor, but at the same time protecting his own interest. *Zisman v. City of Duquesne*, 143 Pa.Super. 263, 18 A.2d 95 (1941); *McNicholas' Appeal*, 137 Pa.Super. 415, 9 A.2d 200 (1939). As a mortgagee in possession, his duty is to comport with the same standard of conduct as a prudent owner, i. e., he must manage the property in a reasonably prudent and careful manner so as to keep it in a good state of preservation and productivity. *Landau v. Western Pennsylvania National Bank*, 445 Pa. 217, 282 A.2d 335 (1971); *Integrity Trust Co. v. St. Rita Building & Loan Asso.*, 317 Pa. 518, 177 A. 5 (1935). See also: Osborne, Mortgages § 168 (2d ed., 1970). The mortgagee in possession has a duty to collect the rents and profits which accrue during his occupancy and apply them to the mortgage debt. *Provident Trust Co. of Philadelphia v. Judicial Building & Loan Asso.*, supra. Moreover, the mort-

gagor is entitled to an accounting from his mortgagee who has taken possession. *Landau v. Western Pennsylvania National Bank*, supra; *Winthrop v. Arthur W. Binns, Inc.*, 160 Pa.Super. 214, 50 A.2d 718 (1947).

The fiduciary duty of a mortgagee in possession, however, is owed only to the mortgagor. Thus, the mortgagee cannot be required to account to a second mortgagee for income received while the mortgagee was in possession, *McNicholas' Appeal*, supra; or to a creditor of the mortgagor, *Supreme Council of the Royal Arcanum v. Susque Frozen Foods*, 44 Northumberland L.J. 13 (1972). Similarly, a mortgagee in possession is not liable to a purchaser at sheriff's sale for taxes owed on the property. *Fassitt v. North Tioga Building & Loan Asso.*, 133 Pa.Super. 146, 2 A.2d 499 (1938).

It follows that in the absence of a valid agreement by which the mortgagee has assumed or guaranteed payment of the mortgagor's debts, the mortgagee cannot be required to pay unsecured claims held by creditors of the mortgagor. Such creditors must look to the mortgagor upon whose credit they relied.

Appellee argues that the mortgagee will be unjustly enriched if it is permitted to retain the benefit of appellee's engineering work. Reliance is placed on the principle that when a person receives a benefit from another, and it would be unconscionable for the recipient to retain that benefit, the doctrine of unjust enrichment requires the recipient to make restitution. *Binns v. First National Bank of California, Pennsylvania*, 367 Pa. 359, 80 A.2d 768 (1951); *DeGasperi v. Valicenti*, 198 Pa.Super. 455, 181 A.2d 862 (1962); Restatement of Restitution, § 1; 66 Am.Jur.2d Restitution and Implied Contracts § 3. See also: *Roman Mosaic & Tile Co., Inc. v. Vollrath*, 226 Pa.Super. 215, 313 A.2d 305 (1973). This equitable doctrine imposes on the recipient an obligation in the nature of quasi contract. L. Simpson,

Contracts, § 5 at 5, (2d ed., 1965); A. Corbin, Contracts, § 19 at 44 (1963). The most significant requirement for recovery on quasi contract, however, is that the enrichment to the defendant *must be unjust.* Annot., 62 A.L.R.3d 288, 294 (1975).

In the instant case, appellant was not enriched unjustly. When appellant took possession of the condominium project it had already advanced to the developer the sum of $2,900,000.00. Included in the monies advanced was the entire amount budgeted for site preparation. Thus, it was not unjust that it received the benefit of such engineering work when it was compelled by the developer's default to take possession of the incomplete building project. Moreover, it does not appear that the mortgagee, after purchasing the real estate at sheriff's sale and employing its own contractor to complete the project, was able to dispose of the completed project at a profit.

The legislature in Pennsylvania has by statute provided the mechanics' lien as a means by which a contractor or subcontractor can obtain security for work done. Other security can be acquired by contract. If the right to file a mechanics' lien has been waived, if a contractor chooses to rely upon the personal credit of the party with whom he contracts, a court should not rewrite the contract of the parties or legislate a right to receive payment from a mortgagee who has been compelled to go into possession to preserve its security. Such a rule would do much to impair the availability of capital upon which the building industry so greatly depends. In any event, if additional remedy is needed, it should come from the legislature and should not be decreed by judicial fiat. *East Penn Contracting Corp. v. Merchants National Bank of Allentown,* 37 Leh.L.J. 268 (1977), aff'd. 254 Pa.Super. 613, 387 A.2d 114 (1978).

Reversed and remanded for the entry of judgment n. o. v. in favor of appellant.