498 A.2d 966

MEYERS PLUMBING AND HEATING SUPPLY COMPANY,
A Pennsylvania Partnership, Appellant,

v.

WEST END FEDERAL SAVINGS AND LOAN ASSOCIATION,
Albert Vorobyov, individually and trading and doing business
as Albert's Company, Harvey D. Shipkovitz, and Donald
Thinnes, Appellees.

Superior Court of Pennsylvania.

Argued June 18, 1985.

Filed Sept. 27, 1985.

560

Martha O. Wolf, Pittsburgh, for appellant.

Alan D. Levy, Pittsburgh, for Shipkovitz and Thinnes, appellees.

Before ROWLEY, OLSZEWSKI and DEL SOLE, JJ.

OPINION OF THE COURT

ROWLEY, Judge:

This is an appeal from an Order granting summary judgment in favor of appellees, Shipkovitz and Thinnes, who are owners of properties in Pittsburgh. Appellant subcontractor supplied materials used in the renovation of appellees' property. This appeal is concerned solely with the owners' liability to appellant for unpaid materials as summary judgment was granted only to them. The action is still pending against the other defendants.

The owners entered into a building construction contract with appellee Vorobyov, the general contractor, for renovation of their properties. The contract provided that Vorobyov was to furnish all labor and materials, including plumbing and heating materials. The owners and Vorobyov also entered into a Non-Lien Agreement which stipulated that no claim for work or materials would be made against the owners except as provided in their building construction contract. In addition, Vorobyov signed a Contractor Warranty which provided, *inter alia*, that he would protect, defend and indemnify the owners from any claims for unpaid work, labor or materials and that final payment would not be made until he delivered to the owners a complete release of all liens arising out of Vorobyov's performance.

The owners entered into a Construction Loan Agreement with appellee West End Federal Savings and Loan to finance the construction and renovation. Pursuant to the request of Vorobyov and to satisfy any misgivings of appellant, West End Federal sent a letter to appellant informing him that disbursement checks payable jointly to Vorobyov and appellant would be issued in amounts necessary to cover materials purchased and work performed and further, that disbursements would not be made until work was

completed and West End Federal had in its possession a satisfactory inspection report.

A dispute arose between the owners and Vorobyov, and the owners instructed West End Federal to stop all construction payments. Appellant filed suit against all parties for plumbing and heating materials ordered by and sold to Vorobyov, and not yet paid for.

The owners filed a Motion for Summary Judgment which the trial court granted. The court found that there was neither a direct contractual relationship between the owners and appellant for purposes of paying for the materials supplied by appellant, nor any provision in the contract between the owners and Vorobyov creating in appellant a third party beneficiary status. In addition, the trial court found that there was no genuine issue of fact as to whether any oral promises had been made to appellant by the owners and that no recovery could be had as a matter of law. We agree.

Appellant presents four issues on appeal: first, whether appellee West End Federal acted as the agent of the owners when it sent the letter outlining the method and conditions for the disbursement of the construction loan proceeds for appellant and Vorobyov; second, whether the fact that the owners sometimes made themselves payees on the construction loan checks, in addition to appellant and Vorobyov, thereby making it necessary to have all three endorsements created a contractual relationship between appellant and the owners making appellant a third party beneficiary; third, whether appellant should be entitled to proceed with his cause of action against the owners on the theory of unjust enrichment; fourth, whether there are any genuine issues of material fact still remaining making it improper for the trial court to have granted the owners' Motion for Summary Judgment.

Our scope of review on an appeal from the granting of a motion for summary judgment was stated in *Toth v. Philadelphia*, 213 Pa.Super. 282, 285, 247 A.2d 629, 631 (1968). In that case, this Court said:

It is well established that we can sustain a summary judgment only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Pa.R.C.P. 1035(b); *Michigan Bank v. Steensen,* 211 Pa.Super. 405, 236 A.2d 565 (1967). The record must be examined in the light most favorable to the nonmoving party. *Schachter v. Albert,* 212 Pa.Super. 58, 239 A.2d 841 (1968). The court must accept as true all well-pleaded facts in the plaintiff's pleadings, giving the plaintiff the benefit of all reasonable inferences to be drawn therefrom. Id. Finally, a summary judgment should be granted only when the case is clear and free from doubt. *Mallesky v. Stevens,* 427 Pa. 352, 235 A.2d 154 (1967).

In light of the foregoing, we address the issues presented by appellant.

Appellant's first contention is that the owners and West End Federal have established an agency relationship, with the owners as principals and West End Federal as agents. Appellant further maintains that the letter sent him by West End Federal outlining the method and conditions of payment was a contract sent him by the bank in its capacity as the agent of the owners. Appellant thus argues that he had a direct contractual relationship with the owners (principals), with West End Federal acting as the disclosed agent of the principals. He therefore concludes that the owners are liable to him for breach of contract.

Giving appellant the benefit of any reasonable inferences that can be drawn from his pleadings, we will assume there is merit to his claim that an agency relationship existed. Appellant, however, would still not be entitled to recover from appellees for the cost of materials delivered to the job. If the letter is in fact a contract, the terms of the contract are that disbursements would not be made *until work was completed and* West End Federal had in its possession *a satisfactory inspection report.* A complete

review of the record reveals no evidence that at the time of the dispute between the owners and Vorobyov either of these conditions precedent to payment to appellant had been met. Therefore, by the specific terms of the alleged contract, appellant is not entitled to payment.

Appellant next argues that because the owners sometimes required their own endorsements on the construction loan checks, in addition to those of appellant and Vorobyov, a contractual relationship was created between appellant and the owners making appellant a third party beneficiary either of the contract between the owners and West End Federal or of the contract between the owners and Vorobyov.

■ Our Supreme Court, in the case of *Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744 (1983), adopted the *Restatement (Second) of Contracts*, § 302 (1979) as the guide for determining third party beneficiary status in Pennsylvania. *Restatement (Second) of Contracts*, § 302, states:

§ 302 Intended and Incidental Beneficiaries

(1) Unless other wise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

The Court in *Guy v. Liederbach*, 501 Pa. at 60, 459 A.2d at 751 concluded:

There is thus a two part test for determining whether one is an intended third party beneficiary: (1) the recognition of the beneficiary's right must be "appropriate to effectu-

ate the intention of the parties," and (2) the performance must "satisfy an obligation of the promisee to pay money to the beneficiary" or "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance."

Applying these principles to the case at bar, we find that appellant is not a third party beneficiary of either contract. Existence of the no-lien provision in the Contractor Warranty and of the Non-Lien Agreement itself manifest an obvious intent by the owners to protect themselves from the claims of any of Vorobyov's subcontractors and to make the subcontractors the sole responsibility of Vorobyov. The Contractor Warranty and Non-Lien Agreement also preclude any duty by the owners to pay money directly to any subcontractors. So far as appellant is concerned, any benefit he may receive from these contracts is at best incidental. As an incidental beneficiary, appellant acquires no rights against the promisor or promisee. *Restatement (Second) of Contracts,* § 315 (1979).

Appellant's next argument is that he should be entitled to proceed with his cause of action against the owners on the theory of unjust enrichment. Before going any further, we note that there is considerable question as to whether this argument is properly before us. A review of the record indicates that the first time appellant attempted to introduce a cause of action for unjust enrichment was in his answer to the Motion for Summary Judgment. In order to properly raise a cause of action under the Pennsylvania fact pleading system, it is necessary for a plaintiff to allege facts in his complaint sufficient to support that cause of action. Pa.R.C.P. 1020. We entertain serious doubt as to whether the factual allegations made by appellant in his complaint are sufficient to support a cause of action for unjust enrichment.

Giving appellant the benefit of any reasonable inferences to be drawn from his pleadings, however, we find this argument is without merit. The undisputed facts of this case render it impossible for the owners to have been

unjustly enriched by the retention of appellant's materials which allegedly were never paid for.

A necessary element of unjust enrichment is that a benefit must have been conferred for which no compensation was given. In other words, the enrichment to the owners must be unjust. *Myers-Macomber Engineers v. M.L.W. Construction Corp.*, 271 Pa.Super. 484, 491, 414 A.2d 357 (1979). Such is not the case here. The contract between the owners and Vorobyov set $24,000.00 as the price to complete all plumbing and heating work. The record shows that West End Federal disbursed $23,160.60 to Vorobyov singly and Vorobyov and appellant jointly for plumbing and heating materials and labor, all of which was deposited to the account of Vorobyov. This amount is, of course, included in the amount of the mortgage loan owed by the owners to West End Federal. Thus, to require them to pay appellant in this action would obligate them to pay for the same items twice. As a result of the money having already been paid once, it can hardly be said that the owners' "enrichment" from the plumbing and heating materials is unjust.

Appellant's final argument is that there are genuine issues of fact still remaining which render the trial court's grant of summary judgment improper. Appellant asserts that there are factual disputes outstanding as to whether appellant is a third party beneficiary to any of the contracts, whether West End Federal was the agent of the owners, whether the owners have been unjustly enriched, and whether the appellees as witnesses were credible. As to the first three contentions, we have disposed of them in previous discussion. As to the credibility of the appellees, appellant's claims are general and not specific. Based on our review of the record and the opinion of the trial court, we find that there are no genuine issues of material fact and that, therefore, the trial court's grant of summary judgment in favor of the owners was proper.

For all the foregoing reasons, we affirm the Order of the trial court.

Order affirmed.