The **BALTIMORE & OHIO RAILROAD COMPANY and Chesapeake & Ohio Railway Co.**

v.

**CENTRAL RAILWAY SERVICES, INC.,** Eastern Industrial Contractors, Inc., Coastal Trailer Service Co., D & S Railway Services, Inc., William F. Stull, M.C. Heiler and William J. Duffy.

**CENTRAL RAILWAY SERVICES, INC. and Eastern Industrial Contractors, Inc.**

v.

The **BALTIMORE & OHIO RAILROAD COMPANY and Chesapeake & Ohio Railway Co.**

**CENTRAL RAILWAY SERVICES, INC. and Eastern Industrial Contractors, Inc.**

v.

**Edward LIND and Wayne Taylor.**

No. 86–0464.

United States District Court, E.D. Pennsylvania.

June 9, 1986.

John J. Barrett, Jr., Michael C. Olmstead, Esqwuireing, Remick & Saul, Philadelphia, Pa., for plaintiffs.

William A. George, Media, Pa., for L.T. Amonson.

Robert M. Diorio, Media, Pa., for William F. Stull.

James H. Gorbey, Jr., Media, Pa., for Central Ry. Services, Inc., Eastern Indus. Contractors, Inc., Coastal Trailer Service Co., D & S Ry. Services.

## MEMORANDUM AND ORDER

KATZ, District Judge.

This Memorandum deals with a litigant's efforts to refine the pleadings by motion practice. The exercise is more ceremonial than useful.

This case arises from arrangements made between plaintiffs, the Baltimore & Ohio Railroad Company and the Chesapeake & Ohio Railway Company, and defendants, Central Railway Services, Inc., and Eastern Industrial Contractors, Inc., for defendants' performance of light maintenance services for railroad cars owned by plaintiffs. Plaintiffs allege that all of the defendants in this case utilized the arrangements as an opportunity for fraud, unjust enrichment, breach of fiduciary duty, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Defendants have counterclaimed. Their counterclaims stem from the same light maintenance arrangements involved in the original complaint. They also involve arrangements under a maintenance pool agreement between plaintiffs and other railroads. According to defendants, the

maintenance pool agreement entailed the defendants' performance of light maintenance services for the other railroads. The other railroads' payments to defendants were collected by plaintiffs, subsequently to be disbursed to defendants. Defendants make claims for breach of contract (Count I), quantum meruit (Count II), fraud and deceit (Count III), unjust enrichment (Count IV), breach of fiduciary duty (Count V), tortious interference with contractual relationships (Count VI), RICO violations (Count VII), and conspiracy (Count VIII).

Defendants also have filed a third-party complaint against Edward Lind and Wayne Taylor. The third-party complaint alleges that Lind and Taylor, employees of plaintiffs, engaged in fraud, tortious interference with a contractual relationship, RICO violations, and conspiracy. According to the third-party complaint, these actions were directed towards defendants/third-party plaintiffs. The actions alleged in the third-party complaint closely mirror the actions alleged in the counterclaim.

Plaintiffs have moved to dismiss Counts III–VIII of the counterclaim on the ground that they fail to state a claim upon which relief can be granted. Plaintiffs also have moved to strike the third-party complaint.[1]

Rule 12(b)(6) of the Federal Rules of Civil Procedure governs the determination of the motion to dismiss Counts III—VIII of defendants' counterclaim. *See* Fed.R. Civ.P. 12(b)(6). Under that rule, a counterclaim should not be dismissed "unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In evaluating the sufficiency of the counterclaim, its factual allegations will be accepted as true, and reasonable factual inferences will be drawn to aid the pleader. *See D.P. Enterprises v. Bucks County Community College,* 725 F.2d 943, 944 (3d Cir. 1984) (citations omitted). The complaint should be dismissed only if it appears to a certainty that no relief could be granted

under any set of facts which could be proved. *Id.*

Plaintiffs contend that Counts III and VII should be dismissed because they do not satisfy the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. According to Rule 9(b), "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." *See* Fed.R.Civ.P. 9(b). Plaintiffs interpret Rule 9(b) to require a statement of the time, place, substance, and consequence of the fraud alleged.

Plaintiffs give Rule 9(b) too strict a reading. The test of sufficiency under the Rule is whether there is notice of the precise misconduct charged. *See Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786, 791 (3d Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985). Date, time, or place allegations can fulfill this function, but are not required. *Id.*

Counts III and VII of the counterclaim comply with Rule 9(b). Plaintiffs are adequately notified of the fraud alleged. The counterclaim clearly avers that plaintiffs fraudulently induced defendants to perform railroad car maintenance services, reneged on their promise to pay defendants, and reneged on their promise to distribute to defendants the money paid by other railroad companies for similar maintenance services. Moreover, the counterclaim largely focuses upon the same transactions and arrangements involved in plaintiffs' complaint. Plaintiffs therefore must be aware of the nature, if not the "place, date, and time," of the alleged acts.

Plaintiffs move to dismiss Counts IV and V of the counterclaim on the ground that defendants lack standing to assert claims for unjust enrichment and breach of fiduciary duty due to plaintiffs' continued possession of money owed defendants under the maintenance pool agreement. According to plaintiffs, their duties under the maintenance pool agreement run to the other railroads, rather than to the defendants.

---

1. The third-party defendants have joined in the    motion to strike the third-party complaint.

The doctrine of unjust enrichment requires restitution "when a person receives a benefit from another, and it would be unconscionable for the recipient to retain that benefit...." *See Myers-Macomber Engineers v. M.L.W. Construction Corp.*, 271 Pa.Super. 484, 490, 414 A.2d 357, 360 (1979) (citations omitted). Such circumstances impose upon the recipient of the benefit quasi-contractual obligations to the giver. *Id.* at 490–91, 414 A.2d at 360. The giver's recovery on the quasi-contract turns upon whether the recipient's enrichment would be unjust. *Id.* at 491, 414 A.2d at 360.

■ In this case, defendants aver that they performed work for plaintiffs, for which they have not been paid. Thus, defendants essentially claim that there is a quasi-contractual obligation running from plaintiffs to defendants. If proved, these facts would give defendants a cognizable claim of unjust enrichment. *See Restatement of Contracts (Second)* § 370 (1981).

■ Plaintiffs' argument that any claim to recover the money they hold must be brought by the other railroads rather than by defendants also is incorrect. Defendants' claim is cognizable under the theory that plaintiffs breached their fiduciary duty to defendants. The facts may show that the defendants benefitted from the maintenance pool agreement, or that they played some other role which entitles them to sue on plaintiffs' actions under the agreement. This is not to say that these are the sole facts upon which defendants can prevail in their efforts to obtain the money held by plaintiffs. I note only that plaintiffs are not entitled to a dismissal of this issue.

Plaintiffs next seek to dismiss Count VI of defendants' counterclaim. Count VI avers that plaintiffs are liable to defendants for tortious interference with contractual relations. Plaintiffs contend that the contract at issue was solely between plaintiffs and defendants. Plaintiffs argue that they could not have interfered with the contractual relationship, because they were parties to the relationship.

■ It is true that the tort of interference with contractual relations is limited to contracts between the complainant and third parties. *See Michelson v. Exxon Research and Engineering Co.*, 588 F.Supp. 92, 94 (W.D.Pa.1984) (citations omitted). Nonetheless, plaintiffs are two distinct entities. The fact that they claim to be affiliated corporations does not change their distinct nature. *See 8A Pa. Law Encyclopedia: Corporations* § 4 (1971). Thus, as defendants point out, a claim that one plaintiff interfered with the contractual relationship between defendants and the other plaintiff is possible.

■ Count VIII of defendants' counterclaim, alleging conspiracy, similarly is sustainable. Defendants/third-party plaintiffs allege that the plaintiffs are distinct entities. If the plaintiffs are in fact distinct, they can conspire with each other. *Cf. Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984) (parent and subsidiary incapable of conspiracy because § 1 of Sherman Act reaches only distinct entities); *Fishman v. Wirtz*, 1981–82 Trade Cas. (CCH) ¶ 64,378, n. 23 (N.D.Ill.1981) (affiliated corporations can conspire with each other).

Based on the foregoing analysis, no counts of the defendants' counterclaim will be dismissed. Therefore, the remaining issue is the validity of the defendants' third-party complaint.

Plaintiffs and third-party defendants contend that the third-party complaint should be stricken because it does not comport with Rule 14 of the Federal Rules of Civil Procedure. Rule 14 governs third-party practice in civil cases. *See* Fed.R.Civ.P. 14. In particular, Rule 14(a) delineates when a defendant may bring in a third party. According to Rule 14(a), "a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." *See* Fed.R. Civ.P. 14(a).

Such third-party complaints are characterized by the defendant's attempt "to transfer to the third-party defendant the liability asserted against him by the original plaintiff." 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1446, at 257 (1971). This characteristic distinguishes a proper third-party complaint from a situation in which "the alleged third-party claim arises from the same transaction or set of facts as the original claim...." *Id.* A mere factual relationship is insufficient under Rule 14. The third-party defendants' liability "cannot simply be an independent or related claim but must be based upon plaintiff's claim against defendant." *Id.*

■ The third-party complaint at issue in this case does not meet these standards. The claims asserted by the defendants/third-party plaintiffs against the third-party defendants are not based upon the plaintiffs' claims against the defendant. Instead, they are based upon the defendants' counterclaims against the plaintiffs. Although the third-party claims and counterclaims are factually related to the original claim, that relationship is insufficient under Rule 14. *See Farmers Production Credit Association v. Whiteman,* 100 F.R.D. 310, 312 & n. 1 (N.D.N.Y.1983).

Although defendants/third-party plaintiffs may not proceed under Rule 14, it does not follow that their claim against the third-party defendants should be stricken. Rule 13(h) of the Federal Rules of Civil Procedure provides for the impleader of non-parties as defendants to cross-claims or counterclaims. *See* Fed.R.Civ.P. 13(h). Under Rule 13(h), parties may be joined to

adjudicate a counterclaim "that already is before the court.... This means that a counterclaim ... may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party." 6 C. Wright & A. Miller, *supra,* at § 1435, at 188.

■ It appears that the defendants/third-party plaintiffs actually intended to join Lind and Taylor as defendants to the existing counterclaim against plaintiff. *See Kaiser Aluminum & Chemical Sales, Inc. v. Ralston Steel Corp.,* 25 F.R.D. 23, 25 (N.D.Ill.1959). Their attempt to proceed under Rule 14 was not an appropriate means to accomplish this end. *See* 6 C Wright & A. Miller, *supra,* at § 1446, at 255. Nonetheless, they meet the standards for joinder of parties under Rule 13(h). Therefore, I find that Lind and Taylor properly are joined as third-party defendants on the counterclaim in this case.[2] *See Dean Witter Reynolds, Inc. v. Fernandez,* 489 F.Supp. 434, 441 (S.D.Fla.1979).

Rule 13(h) provides for the joinder of additional parties as defendants on a counterclaim in accordance with Rules 19 and 20. *See* Fed.R.Civ.P. 13(h). Those rules, in turn, provide for the necessary and permissive joinder of parties. *See* Fed.R.Civ.P. 19, 20. Thus, the question presented under Rule 13(h) is whether Lind and Taylor may be joined as parties to the counterclaim under either Rule 19 or 20. *See Kaiser Aluminum & Chemical Sales Inc.,* 25 F.R.D. at 25.

■ Joinder of parties under Rule 19 is appropriate "when nonjoinder would prevent complete relief from being accorded the existing parties or would have a preju-

---

**2.** In some cases, the joinder of additional parties raises jurisdictional problems. *See, e.g., Kaiser Aluminum & Chemical Sales, Inc. v. Ralston Steel Corp.,* 25 F.R.D. 23 (N.D.Ill.1959); *see generally* 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1436 (1971). In general, however, "necessary" parties joined under Rule 19 are covered by ancillary subject matter jurisdiction, and a similar argument can be made for parties joined under Rule 20. *See* 6 C. Wright & A. Miller, *supra,* at § 1436, at 191–92.

Jurisdiction is not a problem in this case because the counterclaim arises out of the same transaction or occurrence involved in the original complaint. The counterclaim is therefore compulsory, *see* Fed.R.Civ.P. 13(a), and ancillary subject matter jurisdiction applies. *See* 6 C. Wright & A. Miller, *supra,* at § 1436, at 191–92. Moreover, defendants/third-party plaintiffs assert a RICO claim against plaintiffs and third-party defendants. This claim provides federal question jurisdiction, with the additional claims covered by pendent jurisdiction. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

dicial effect on the nonparty's ability to protect his own interests." *See* 7 C. Wright & A. Miller, *Federal Practice & Procedure* § 1604 (Supp.1985); *see also* Fed.R.Civ.P. 19(a). In this case, defendants/third-party plaintiffs essentially allege that third-party defendants Lind and Taylor caused, aided, or abetted the plaintiffs' commission of many of the acts described in the counterclaim. It therefore appears that the third-party defendants are charged with extensive involvement in those acts. On that basis, it appears that the third-party defendants appropriately are joined under Rule 19 as necessary parties to the counterclaim.

Even if the third-party defendants are improperly joined under Rule 19, this case clearly meets the standards for permissive joinder under Rule 20. Rule 20 provides for the joinder of parties as defendants when "there is asserted against them ... any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R.Civ.P. 20(a). In this case, both the counterclaim and the third-party complaint seek relief for the alleged injuries caused by the "transaction, occurrence, or series of transactions or occurrences" surrounding the demise of the light maintenance service arrangements between plaintiffs and defendants/third-party plaintiffs. By the same token, the identity of the acts alleged in the counterclaim and the third-party complaint indicates that there are a number of common questions of fact and law at issue in this case. In sum, the third-party defendants are joined appropriately as defendants on the counterclaim under Rule 20, if not under Rule 19.