J-S08018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARK MEKSIN AND DJ TRANSPORTATION, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1174 EDA 2018 |
| DAVID JAY GLASSMAN AND THEODORE SIMON | : | |

Appeal from the Order Entered, March 8, 2018,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  171002666.

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 21, 2019**

Mark Meksin and DJ Transportation, LLC (collectively "Meksin") appeal from the trial court's orders sustaining preliminary objections and dismissing the amended complaint he filed against his former lawyers, David Jay Glassman and Theodore Simon.  In the complaint, Meksin alleged breach of contract, deceit, unjust enrichment, and violation of the Unfair Trade Practices and Consumer Protection Law.  Upon review, we affirm.

The trial court set forth the well plead facts from Meksin's amended complaint as follows:

> On December 15, 2015, Appellant Mark Meskin was served with a subpoena by federal agents that compelled his testimony before a federal grand jury impaneled in Philadelphia on January 6, 2016.  On December 15, 2015, Appellant DJ Transportation was served with a subpoena by federal agents that compelled their production

_____

* Former Justice specially assigned to the Superior Court.

of documents before the same federal grand jury. In response to this, Appellants began to look for counsel to advise and represent them in the forthcoming grand jury matters. Appellants contacted the Law Office of David Jay Glassman, located at 1500 Market Street, 12th Floor East Tower, Philadelphia, Pennsylvania. On December 22, 2015, Appellee David Glassman sent an email to Appellants quoting his fee of $10,000 to address the subpoenas. Appellants wired Mr. Glassman $10,000 and he represented them in a meeting with a federal agent on January 8, 2016. On January 12, 2016, Appellants again met with Mr. Glassman, and he verbally requested another $25,000 to continue representation. On February 5, 2016, Mr. Glassman sent Appellants an email stating that, 'the Govt. has concluded that you are not their primary target and has agreed to allow you to cooperate.' Thereafter, Appellants ended their relationship with the Law Office of David Jay Glassman by email on February 9, 2016. Appellants demanded a refund of their payment of $25,000 to Appellee David Glassman, less any reasonable amount for the value of the services he provided. Appellee suggested said refund would only amount to $7,000, asserting that he is entitled to $28,000 for the services rendered for the two subpoenas.

The same day, February 8, 2017, Appellants retained Appellee Theodore Simon to continue providing advice and representation in regards to the two subpoenas. Appellee Theodore Simon requested $25,000 to begin investigating, reviewing, evaluating and advising. Five weeks later, Mr. Simon requested an additional payment of $20,000 to continue representation, which the Appellants paid. Within another week, Mr. Simon determined that he would be unable to adequately represent Appellants without them also hiring another attorney with the requisite expertise, Richard Plewacki. Appellants paid Mr. Plewacki $5,000 for his additional services. Having never been charged with any crime relating to the federal investigation, Appellants ended their relation with Appellee Theodore Simon on April 27, 2016. Appellants dispute the amount Mr. Simon requested and was paid for his services.

On October 20, 2017, Appellants filed a complaint against Appellees David Glassman and Theodore Simon, followed by an amended complaint on November 27, 2017. In the amended complaint, Appellants allege contract rescission, deceit, unjust enrichment and a violation of the Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa.C.S. §§ 201-1-209-6. Appellees responded and filed preliminary objections, to which the

Appellants answered. On March 8, 2018, upon review of these preliminary objections and responses, the Honorable Sean F. Kennedy entered an Order sustaining Appellees' preliminary objections, and dismissing Appellant's amended complaint.

Trial Court Opinion, 8/15/18, at 1-3.[1] Meksin timely appealed. Both Meskin and the trial court complied with Pa.R.A.P. 1925.

On appeal, Meksin raises the following issues: [2]

A. Whether the trial court abused its discretion in sustaining Glassman and Simon's preliminary objections?

B. Whether the trial court abused its discretion and committed an error of law in concluding that Meksin's complaint failed to state sufficient facts and was vague?

---

[1] To clarify, the trial court entered two separate orders, one for Glassman and one for Simon.

[2] Initially, we note that Meksin has failed to conform to several rules governing appeals to this Court. First, neither Meksin's statement of errors complained of on appeal nor his statement of questions involved are sufficiently specific contrary to Pa.R.A.P. 1925(b) and 2116. Instead, his issues are framed in a very broad and general fashion. In particular, Meksin does not identify what causes of action the trial court erroneously determined that he failed to state a claim or failed to state with sufficient specificity.

Additionally, Meksin has not complied with the briefing requirements under Pa.R.A.P. 2116. Meksin failed to set forth a meaningful and developed argument or analysis in his brief. In support of his first issue, Meksin merely recites the standard of review and legal principles relating to preliminary objections in the nature of a demurrer, then summarily concludes that the trial court erroneously sustained Glassman and Simon's preliminary objections. In support of his second issue, Meksin again merely recites legal principles relating to each cause of action, but fails to reference the allegations contained in his complaint that support each applicable cause of action or demonstrate how the allegations are sufficiently specific. He further conflates the issues pertaining to Glassman and Simon, as well as the different causes of action, without separating his arguments in a logical manner. For these reasons, we could dismiss Meksin's appeal pursuant to Pa.R.A.P. 2101. However, we decline to do so.

See Meksin's Brief at 5.

On appeal, Meksin argues that Glassman and Simon's preliminary objections were erroneously sustained. In his amended complaint, he alleged causes of action for breach of contract, deceit, unjust enrichment, and violations of Unfair Trade Practices and Consumer Protection Law, and did so in a manner sufficient to overcome the initial stage of litigation. Meksin's Brief 22-23. Thus, we must examine the allegations contained in Meksin's amended complaint within the context of each cause of action. A review of the allegations shows that Meksin did not plead sufficient facts to establish the causes of action set forth in his amended complaint.

Our review of a challenge to a trial court's decision on preliminary objections is guided by the following:

> [o]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011) (citation omitted).

We first consider Meksin's breach of contract claim asserted against Glassman. The trial court concluded that the allegations against Glassman sounded in professional negligence rather than contract, and as such, Meksin was required under Pa.R.C.P. 1043.2 to file a certificate of merit. Because Meksin failed to do so, the trial court dismissed this claim.[3] We agree.

Under Pennsylvania law, a client may bring both a contract action and a tort action against a professional. To establish a breach of duty in a professional negligence action, a plaintiff must show that the defendant's conduct fell below the relevant standard of care applicable to the rendition of the professional services at issue. *Merlini v. Gallitzin Water Auth.*, 934 A.2d 100, 105 (Pa. Super. 2007). In most cases, this determination requires expert testimony because the negligence of a professional encompasses matters not within the ordinary knowledge and experience of laypersons. *Id.* In such cases, a certificate of merit must be filed. Pa.R.C.P. 1042.3. Where a certificate of merit has not been filled to support claims of professional negligence, the court may dismiss those claims. *See Zokaites Contracting*

---

[3] We note that the order dismissing the complaint against Glassman was silent as to whether it was with or without prejudice. Generally, if the pleading can be cured by an amendment, a court "must give the pleader an opportunity to file an amended complaint." *Framlau Corp. v. County of Delaware*, 299 A.2d 335 (Pa. Super. 1972). Arguably, Meksin could have filed an amended complaint with a negligence claim, but for the statute of limitations and/or his ability to obtain a certificate of merit.

*Inc. v. Trant Corp.*, 968 A.2d 1282, 1287 (Pa. Super. 2009). Otherwise, a typical breach of contract action involves (1) the existence of a contract, (2) a breach of a duty imposed by the contract, and (3) damages. *J.F. Walker Co., Inc. v. Excalibur Oil Group, Inc.*, 792 A.2d 1269 (Pa. Super. 2002). In a breach of contract action against a professional, the professional's liability must be based upon the terms of the contract. *Fiorentino v. Rapoport*, 693 A.2d 208, 213 (Pa. Super. 1997).

Although Meksin framed his claim as one for breach of contract seeking rescission, to determine whether the trial court erred, we must consider the true nature of Meksin's allegations to ensure that the mandates of Pa.R.C.P. 1042.3 are not circumvented. Based upon our review of Meksin's amended complaint, we conclude that the allegations implicate Glassman's overall exercise of care and professional judgment rather than compliance with the terms of his agreement to provide legal services.

After paying the initial fee of $10,000, Meksin alleged that he "again met with [Glassman], and [Glassman] advised [Meksin] that the government was prosecuting him and orally demanded another $20,000 from [Meksin] for the same services [Meksin] had already previously paid $10,000 to [Glassman]". He further alleged that Meksin and Glassman attended a meeting with the government during which Glassman "was distracted by his cell phone". During meetings with Meksin, Glassman "appeared unprepared", and "gave the impression to have not looked at any documents gathered by [Meksin] in response to the subpoenas . . . ." or have met personally with the

- 6 -

government representative. Finally, Meksin claimed that Glassman "led [him] to believe that [he] had already been prosecuted by the government," but then subsequently informed Meksin that he was not the primary target and that the government would allow Meksin to cooperate.

These allegations focus on the manner in which Glassman conducted himself as an attorney: his communication with his clients, the advice given to his clients, the diligence in preparing to represent the client in a matter, and appropriateness of fees charged. Proof of these averments would require Meksin to proffer expert testimony to establish that Glassman's conduct fell below the applicable standard of care in providing legal services to Meksin. Consequently, Meksin was required to file a certificate of merit as required under Pa.R.C.P. 1042.3.

We next address Meksin's claim for unjust enrichment asserted against both Glassman and Simon.[4] The trial court concluded that Meksin failed to establish a claim for unjust enrichment because Glassman and Simon had contracts with Meksin. We agree.

Regarding claims for unjust enrichment, this Court has held that:

> When a person receives a benefit from another, and it would be unconscionable for the recipient to retain that benefit, the doctrine of unjust enrichment requires the recipient to make restitution.

---

[4] After Meksin cites legal principles pertaining to unjust enrichment, Meksin references the professional rules of conduct regarding fees, billing and communication. Brief at 24-25. However, it is unclear to the Court how this relates to this issue. We, therefore, do not address those rules.

> This equitable doctrine imposes on the recipient an obligation in the nature of quasi contract.

***Mayers-Macomber Engineers v. M.L.S. Constr. Corp.***, 414 A.2d 357, 360 (Pa. Super. 1979) (citations omitted). "A party may not recover for unjust enrichment under a quasi-contract theory when an express contract speaks to the same matter because the express contract precludes any implied-in-law contract." ***Mitchell v. Moore***, 729 A.2d 1200, 1203 (Pa. Super. 1999). "[I]t has long been held in this Commonwealth that the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract, regardless of how harsh the provisions of such contracts may seem in the light of subsequent happenings." ***Wilson Area Sch. Dist. v. Skepton***, 895 A.2d 1250, 1254 (Pa. 2006) (internal quotations omitted).

Simon had a detailed, written fee agreement with Meksin, which provided that, in exchange for the stated fees, he would provide legal services to Meksin. After that fee was drawn down, Simon asked for an additional fee to continue representation. This fee was also covered by Simon's fee agreement.

Glassman, by email, agreed to provide legal services relating to the grand jury subpoenas upon receipt of the $10,000 fee. He also requested additional funds to continue providing legal services to Meksin, which Meksin paid. Thus, because Meksin's transactions with Simon and Glassman were

governed by the parties' express fee arrangements, he cannot establish a cause of action for unjust enrichment.

Moreover, the principles underlying unjust enrichment are not present in this matter. A cause of action for unjust enrichment may arise only when a transaction of the parties not otherwise governed by an express contract ***confers a benefit on the defendant to the plaintiff's detriment without any corresponding exchange of value. Mitchell***, 729 A.2d at 1203-04 (emphasis added). Here, Meksin did not confer a benefit upon Glassman or Simon which they unjustly retained. Rather, the attorney's fees which Meksin paid to them were in exchange for representation in the federal criminal investigation. Meksin's allegation that Simon and Glassman's fees were "grossly excessive" does not transform his claim into one for unjust enrichment.

We next consider Meksin's claim for deceit asserted against Simon. Meksin's Brief at 28. The trial court concluded that Meskin failed to plead facts to establish the requisite elements of deceit. We agree.

Deceit is the common law tort of fraud or misrepresentation. In Pennsylvania, a plaintiff seeking recovery for fraud must plead the following elements: 1) a misrepresentation; 2) a misrepresentation which is material to the transaction at hand; 3) an intent to induce reliance; 4) justifiable reliance; and 5) damage. ***Kit v. Mitchell***, 771 A.2d 814, 819 (Pa. Super. 2001). Fraud "consists of anything calculated to deceive whether by single act or combination, or by suppression of truth, or suggestion of what is false

whether it be by direct falsehood or by innuendo, by speech or silence, word of mouth, or look or gesture." ***Delahanty v. First Pennsylvania Bank, N.A.***, 464 A.2d 1243, 1251 (Pa. Super. 1983) (citing ***Frowen v. Blank***, 425 A.2d 412, 415 (Pa. 1981)). Moreover, fraud must be averred with particularity and must be demonstrated by specific facts and not merely subterfuge. Pa. R.C.P. 1019 (b); ***Presbyterian Med. Ctr. v. Budd***, 832 A.2d 1066, 1072 (Pa. Super. 2003).

Fundamental to a cause of action for fraud is the making of a material misrepresentation. Here, Meksin failed to allege that Simon made any misrepresentation. As the trial court observed,

> Meksin only alleges that a fee agreement existed between him and [Simon], and that [Meksin] misunderstood the terms of the agreement. The express terms of the fee agreement outline payments for a non-refundable retainer, payment of attorneys' fees on an hourly basis, and replenishment of funds to cover additional legal services.

Trial Court Opinion, 8/15/18, at 6. Additionally, although Meksin alleged that he retained Simon based upon his biography advertised on the Super Lawyer Website, he did not allege that any of the advertisement was misrepresented.

Lastly, we address Meksin's claim for violation of the consumer protection laws asserted against Glassman. Meksin's Brief at 29. The trial court dismissed this claim against Glassman. We agree.

The UTPCPL creates a private right of action for "[a]ny person who purchases or leases goods or services primarily for personal, family[,] or household purposes and thereby suffers any ascertainable loss of money or

- 10 -

property, real or personal, as a result of the use or employment by any person of a method, act[,] or practice declared unlawful by section 3[t] of [the] act ...." 73 P.S. § 201–9.2(a).  In 2007, however, the Pennsylvania Supreme Court found the UTPCPL inapplicable to the legal profession.  ***Beyers v. Richmond***, 937 A.2d 1082 (Pa. 2007).  In ***Beyers***, the Court held that the Supreme Court has the exclusive authority to regulate the conduct of attorneys, and that the General Assembly has no authority under the Pennsylvania Constitution to regulate the conduct of lawyers or the practice of law.  ***Id.*** at 668.  The Court found that any application of the UTPCPL that effectively regulates the practice of law violates the separation of powers and encroaches on the Court's exclusive power to regulate the legal profession. ***Id.***  In exercising its constitutional authority, the Supreme Court "adopted the Rules of Professional Conduct and the Rules of Disciplinary Enforcement, which govern the conduct and discipline of attorneys." ***Commonwealth v. Stern***, 701 A.2d 568, 571 (Pa. 1997).  In particular, the Rules of Professional Conduct regulate a lawyer's conduct relating to fees.  ***See*** Pa.R.P.C. 1.5.[5]

The allegations which Meksin set forth in his amended complaint solely relate to the provision of legal services by Glassman and the fees charged. We therefore conclude, based upon the foregoing, that Meksin failed to state a cause of action under the UTPCPL.

---

[5] We also note that the Philadelphia Bar Association has a fee disputes committee where Meskin could have challenged the fees of his attorneys.

For the reasons stated above, we conclude that the trial did not abuse its discretion or commit an error of law in sustaining Glassman or Simon's preliminary objections.  The trial court therefore properly dismissed the amended complaint.[6]

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/19

---

[6] Because we have concluded that the trial properly dismissed Meksin's complaint, we need not address the issue of whether his allegations were sufficiently specific.